IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-106 |
| | ) |
| KENNETH SOLOMON | ) |

MEMORANDUM AND ORDER OF COURT

DIAMOND, D.J.

Presently before the court is attorney Alonzo Burney's CJA 20 voucher requesting payment in the amount of $4,908.58 in connection with his representation of Kenneth Solomon ("defendant") in the above-referenced case.

On April 20, 2005, a grand jury returned a one-count indictment charging defendant with possession with intent to distribute a controlled substance. Defendant was arraigned on May 26, 2005, before Magistrate Judge Amy Hay where he was represented by attorney Alonzo Burney. On May 31, 2005, Magistrate Hay formally appointed attorney Burney to represent defendant, effective *nunc pro tunc* May 26, 2005, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. §3006A. On August 1, 2005, a notice of appearance by attorney Michael Steven Sherman was entered, terminating attorney Burney's representation of defendant.

On September 15, 2005, attorney Burney filed a CJA 20 voucher form requesting the amount of $4,908.58 for services performed and expenses incurred during the two months he represented defendant. Because the court finds that a request for nearly $5,000 in fees and expenses for only two months of representation is facially excessive, the court will reduce the requested award.

The CJA authorizes the appointment of, and compensation for, counsel to represent indigent defendants charged with federal offenses. 18 U.S.C. §3006A. The determination of the amount of compensation to be awarded to a CJA-appointed attorney "rests entirely within the discretion of the district court." United States v. Stone, 53 F.3d 141, 143 (6th Cir. 1995). Thus, a district court, as the body empowered to fix compensation under the CJA, has the power to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); United States v. Smith, 76 F. Supp.2d 767, 768 (S.D. Tex. 1999).

In determining an amount of fair compensation under the CJA for an attorney's representation, the court must determine whether the time spent was reasonably expended in the course of the representation, and counsel is entitled to be paid "only for hours that are necessary for reasonably diligent, conscientious, and competent representation." United States v. Stout, 109 F. Supp.2d 982, 984 (C.D. Ill. 2000).

In this case, the court believes that the fee request is

2

unreasonable and clearly is disproportionate to the services rendered.  In the two months that attorney Burney represented defendant, his only court appearance on defendant's behalf was the arraignment and detention hearing on May 26, 2005, for which he claims 1.0 hours.[1]  The remainder of the requested time is for interviews and conferences (22.3 hours), obtaining and reviewing records (10.6 hours) and travel time (10.8 hours).  He also claims 7.6 hours for legal research and brief writing, but the only filing on defendant's behalf was a single motion to extend time to file pre-trial motions filed on June 8, 2005, and granted on June 13, 2005.

The court finds that attorney Burney's request of nearly $5,000 for slightly more than two months of representation to a client he represented only in the very initial stages of the criminal proceedings is grossly unreasonable and must be reduced. Instead, the court believes that fair compensation for attorney Burney's representation of defendant in this case would be half of what he has requested and the court therefore will approve a total of $2,454.29.  The court believes that compensation in this

---

[1] The court also has taken notice of the fact that attorney Burney claims 0.5 hours for court time at the detention hearing held before Magistrate Judge Mitchell on August 2, 2005. However, as the docket sheet shows, attorney Michael Sherman was appointed to represent defendant on August 1, 2005, and the minute entry for the detention hearing held on August 2, 2005, lists attorney Sherman as representing defendant with no mention of attorney Burney.

3

amount reflects only the hours that were necessary for "reasonably diligent, conscientious, and competent representation" of defendant in the initial stages of this criminal proceeding. See Stout, 109 F. Supp.2d at 984.

In light of the fact that this is the third consecutive CJA voucher request that this court has received from attorney Burney that has had to be reduced for excessiveness, the court feels compelled to emphasize what other courts also have recognized, namely, that the CJA "was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice." Stout, 109 F. Supp.2d at 984. Rather, the "representation of indigent defendants under the Act requires a substantial measure of dedication and public service." Id.

Moreover, the court has an inherent obligation to scrutinize requests for compensation under the CJA and to make necessary adjustments in order to safeguard taxpayer provided funds and to prevent the dissipation of taxpayer money on unreasonable or frivolous activities by court appointed counsel. Smith, 76 F. Supp.2d at 768. The court takes this obligation seriously and will continue to scrutinize and, if necessary, reduce all unreasonable fee requests submitted to it by any court appointed counsel.

AO 72A
(Rev.8/82)

Accordingly, for the foregoing reasons, the court will reduce attorney Burney's CJA request and will approve a total of $2,454.29 in fees and expenses as fair compensation for the services rendered.

An appropriate order will follow.

O R D E R

AND NOW, this 17th day of October, 2005, for the reasons set forth in the memorandum above, IT IS ORDERED that CJA fees and expenses in the amount of $2,454.29 be, and the same hereby are, authorized to be paid to attorney Alonzo Burney for his services as attorney for defendant Kenneth Solomon in the above case.

                                                                */s/ Gustave Diamond*
                                                                Gustave Diamond
                                                                United States District Judge

cc:   Alonzo Burney, Esq.
       502 Fifth Avenue
       Suite 301
       McKeesport, PA 15132

       Finance Department
       United States District Court
       Western District of Pennsylvania

AO 72A
(Rev.8/82)